**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ARON REYNOLDS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

Case No. 1:26-CV-24485-RKA

CITADEL SECURITIES LLC and VIRTU AMERICAS LLC,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR EXTENSION OF TIME**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT............................................................................................................................2

I.     THIS COURT SHOULD CONSIDER THE MOTION TO TRANSFER WITHOUT ARTIFICIAL DELAY.........................................................................................................2

     A.     The Motion Should Be Decided Prior to Lead Plaintiff Applications.....................2

     B.     Plaintiff's Substantive Arguments in Opposition to Transfer Are Meritless................................................................................................................4

          1.     Transfer Is Appropriate Under Both the First-to-File Rule and 28 U.S.C. § 1404(a) ...........................................................................................4

          2.     Judge Caproni Should Address Any Issues Concerning the Scope of Her Prior Order.............................................................................................7

CONCLUSION........................................................................................................................9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. Pfizer, Inc.*,
2022 WL 2355541 (S.D. Fla. June 22, 2022) ........................................................... 5, 6

*Brustein v. Lampert*,
2005 WL 8154797 (S.D. Fla. June 16, 2005) ............................................................. 2

*Century Sur. Co. v. Vas & Sons Corp.*,
2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018) ............................................................ 6

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*,
2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) ............................................................ 2

*Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*,
713 F.3d 71 (11th Cir. 2013) ...................................................................................... 5

*Elliott v. Williams*,
549 F. Supp. 3d 1333 (S.D. Fla. 2021) ....................................................................... 1

*Erie-Lackawanna R. Co. v. United States*,
279 F. Supp. 303 (S.D.N.Y. 1967) ............................................................................. 6

*Garity v. Tetraphase Pharms. Inc.*,
2019 WL 2314691 (S.D.N.Y. May 30, 2019) ............................................................. 3

*Harvey Aluminum, Inc. v. American Cynamid Co.*,
203 F.2d 105 (2d Cir. 1953) ....................................................................................... 6

*IoT Innovations LLC v. Lutron Elecs. Co.*,
2026 WL 860531 (S.D. Fla. Mar. 30, 2026) ........................................................... 4, 5

*In re January 2021 Short Squeeze Trading Litig.*,
2023 WL 6534502 (S.D. Fla. Sept. 7, 2023) .............................................................. 2

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005) .................................................................................. 5

*Rojas v. Am. Honda Motor Co.*,
2019 WL 6324616 (S.D. Fla. Nov. 26, 2019) ............................................................. 5

*Steck v. Santander Consumer USA Holdings Inc.*,
2015 WL 3767445 (S.D.N.Y. June 17, 2015) ............................................................. 3

*In re Target Corp. S'holder Class Action Litig.*,
  2025 WL 3187126 (M.D. Fla. Nov. 14, 2025) ........................................................... 3

*Warner v. Tinder, Inc.*,
  675 F. App'x 945 (11th Cir. 2017) ........................................................................... 5

*Wasson v. LogMeIn, Inc.*,
  2018 WL 6016283 (C.D. Cal. Nov. 2, 2018)............................................................. 3

**Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................................. 2

28 U.S.C. § 1404(a) ....................................................................................................... 7

Defendants Citadel Securities LLC ("Citadel Securities") and Virtu Americas LLC ("Virtu") respectfully submit this memorandum of law in opposition to Plaintiff Aron Reynolds's motion for extension of time to respond to Defendants' motion to transfer this action to the Southern District of New York.

## PRELIMINARY STATEMENT

Plaintiff's counsel's latest filing continues their pattern of inconsistent and misleading litigation conduct.  Plaintiff claims to need an extension because he lacks "authority" to decide how to respond to Defendants' pending motion to transfer unless he is appointed lead plaintiff. Yet Plaintiff proceeds to argue in a 13-page purported "motion for an extension of time" why Defendants' motion to transfer should not be granted.  Plaintiff nonetheless avoids addressing Defendants' primary argument and the entire point of transfer:  another court has already addressed the lead plaintiff appointment process and determined that the time for any such applications expired in January and cannot be resuscitated.  Plaintiff's counsel attempted to dismiss that first-filed case and refile here to circumvent the adverse ruling.  Delaying consideration of the transfer motion until a "lead plaintiff" is appointed, in contravention of Judge Valerie E. Caproni's order, is precisely what the transfer motion seeks to avoid.  To the extent Plaintiff takes issue with what Judge Caproni's order does or does not permit, judicial efficiency and comity counsel that she be the one to clarify her own order, which is the exact principle underpinning the first-to-file rule.

In any event, Plaintiff has provided a substantive response to Defendants' arguments in favor of transfer, and this Court "can—and should—invoke the [first-to-file] rule" even "*sua sponte*." *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1339 (S.D. Fla. 2021) (Altman, J.) (addressing the first-to-file rule where no party raised it).  Plaintiff's request to defer briefing for months pending completion of the lead plaintiff appointment process is not supported by good cause, and

none of Plaintiff's arguments in opposition to transfer have merit.  Instead, for all the reasons set forth in Defendants' motion to transfer (ECF 9), the motion to transfer should be granted.

## ARGUMENT

### I.   THIS COURT SHOULD CONSIDER THE MOTION TO TRANSFER WITHOUT ARTIFICIAL DELAY

#### A.   The Motion Should Be Decided Prior to Lead Plaintiff Applications

Neither of Plaintiff's two extension requests is supported by good cause.  Plaintiff first requests that the Court defer the motion to transfer until a lead plaintiff has been appointed in this action—which is months away[1]—contending that a court-appointed lead plaintiff is the only party with authority to decide how to respond to a transfer motion.  *See* ECF 30 ("Pl.'s Mot.") at 5-6. Plaintiff is wrong—he filed this lawsuit and he should defend it.  The authorities Plaintiff cites stand merely for the general proposition that a lead plaintiff, ***once appointed***, is assigned the responsibility of managing the litigation and in no way suggest that no party may respond to motions until the end of the lead plaintiff process.  *In re January 2021 Short Squeeze Trading Litig.*, 2023 WL 6534502, at *5 (S.D. Fla. Sept. 7, 2023) (determining "whether options claims properly fell within the scope of Lead Plaintiff's authority to begin with"); *Brustein v. Lampert*, 2005 WL 8154797, at *6 (S.D. Fla. June 16, 2005) (noting that "unrelated group members are less able to fulfil [lead plaintiff] responsibilities").  Moreover, Defendants cited extensive precedent granting motions to transfer prior to lead plaintiff appointment, which Plaintiff fails to address here.  *See* ECF 9 ("Defs.' Mot.") at 17 (citing *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, 2019 WL 12496341, at *2 (S.D.N.Y. Oct. 24, 2019) ("It is sensible to allow the court that will be presiding over th[e] matter to reach its own

---

[1] The PSLRA default deadline for the Court to appoint a lead plaintiff is September 28, 2026.  *See* 15 U.S.C. § 78u-4(a)(3).

conclusion regarding which plaintiff and counsel are best positioned to represent the interests of the putative class."); *Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *5 (S.D.N.Y. May 30, 2019) ("Because the Court grants Defendants' transfer motion, it will leave the determination as to the appointment of the lead plaintiff and lead counsel to the [transferee forum]."); *In re Target Corp. S'holder Class Action Litig.*, 2025 WL 3187126, at *3-5 (M.D. Fla. Nov. 14, 2025) (granting motion to transfer prior to lead plaintiff appointment)); *see also Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at *10 (S.D.N.Y. June 17, 2015) (same); *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, at *1 (C.D. Cal. Nov. 2, 2018) ("[T]he Court concludes that the possibility that a lead plaintiff might prefer litigating in this District is no reason to delay deciding this motion. This Court has previously decided motions to transfer before motions for lead plaintiff, and we see no reason to take a different course here.").

Delaying consideration of the transfer motion until after a lead plaintiff is appointed would also reward Plaintiff's counsel for the very gamesmanship the transfer motion seeks to redress. Plaintiff's counsel *already* sought appointment as lead counsel on behalf of a different lead plaintiff in a nearly identical putative class action (that included Plaintiff Reynolds) in the Southern District of New York. Judge Caproni denied that motion and, after additional briefing, refused to reopen the lead plaintiff process. Defs.' Mot. at Ex. 1 (ECF 9-1). The court explained that "Plaintiff's counsel picking exactly who gets to sue, via iterative Lead Plaintiff processes" was "problematic" and warned that it would set a "dangerous precedent" if Plaintiff's counsel could "proceed fresh with its second favorite candidate" after the court rejected its first lead plaintiff applicant. *Id.* Yet that is exactly what Plaintiff's counsel has done here.[2] The Court should require

---

[2] Plaintiff's counsel informed the court in the *Genius* Action that it had located additional "investors" who could potentially serve as lead plaintiff, but the court held that did "not change the outcome" of its decision to deny counsel's request to reopen the lead plaintiff process because

Plaintiff and his counsel to respond to the transfer motion now and not after a renewed lead plaintiff process conducted in contravention of Judge Caproni's order. Indeed, the obvious party to address whether Plaintiff's counsel engaged in "forum shopping" and "gamesmanship" *is Plaintiff's counsel*, not a theoretical different plaintiff "after the lead plaintiff process." Pl.'s Mot. at 10-11.

Plaintiff's alternative request to defer the response deadline until 21 days after the deadline to move for lead plaintiff appointment, *i.e.*, September 18, 2026, is also meritless. Plaintiff provides no basis (and there is none) for the argument that competing lead plaintiff candidates would be in a better position to respond to Defendants' motion, let alone capable of "coordinat[ing] any response," while at the same time contesting each other's right to represent the putative class.

### B.      Plaintiff's Substantive Arguments in Opposition to Transfer Are Meritless

Plaintiff's claimed lack of "authority" to respond to Defendants' motion to transfer is also belied by his own motion, which devotes eight pages to addressing the merits. *See* Pl.'s Mot. at 6-13. As set forth below, these arguments similarly fail.

#### 1.      Transfer Is Appropriate Under Both the First-to-File Rule and 28 U.S.C. § 1404(a)

Plaintiff attempts to avoid application of the first-to-file rule by arguing that the rule applies only if two cases were, "at least at some point," pending simultaneously. But that is not the rule. As set forth in Defendants' motion to transfer, the first-to-file rule has three elements: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues"—none of which require there having been a temporal overlap at some point between the first- and second-filed actions. *IoT Innovations LLC v. Lutron Elecs. Co.*, 2026 WL 860531, at *2 (S.D. Fla. Mar. 30, 2026) (citation and quotations omitted); *see* Defs.' Mot. at 10. Courts have

---

the case "smacks of the sort of lawyer-driven litigation that the PSLRA aims to avoid." Defs.' Mot. at Ex. 1 (ECF 9-1).

rejected exactly the kind of "rigid or inflexible application" of the first-to-file rule as not being grounded in "principles of comity and sound judicial administration" and routinely held that "the dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule." *IoT*, 2026 WL 860531, at *2-3 (collecting cases); *Abreu v. Pfizer, Inc.*, 2022 WL 2355541, at *23 (S.D. Fla. June 22, 2022), *report and recommendation adopted*, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022) ("Despite the fact that both earlier-filed Southern District of New York cases have been dismissed, Defendant has still established the three elements necessary to invoke the first-filed rule's application."). To argue the contrary, Plaintiff cites only to cases where courts referenced "pending" actions in dicta. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135-38 (11th Cir. 2005) (affirming district court's discretion to hear first-filed declaratory judgment action); *Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (deciding the proper complaint for purposes of the first-filed analysis); *Warner v. Tinder, Inc.*, 675 F. App'x 945, 947 n.2 (11th Cir. 2017) (referencing it in a footnote while expressly noting "we do not decide the issue"). None of Plaintiff's cases *conditioned transfer* on the existence of a pending case in the first-filed forum. Rather, the overwhelming precedent of this District rejects Plaintiff's argument because "no binding authority hold[s] that dismissal of the earlier filed action *precludes* a finding that any of the three factors necessary for the application of the first-filed rule exist." *Abreu*, 2022 WL 2355541, at *7.

Indeed, imposing such a requirement would directly undermine the first-to-file rule's purpose "to conserve judicial resources and avoid conflicting rulings" and "reward Plaintiff for the very type of forum shopping" Plaintiff's counsel have engaged in here. *Rojas v. Am. Honda Motor Co.*, 2019 WL 6324616, at *2-3 (S.D. Fla. Nov. 26, 2019) (ordering transfer where "[i]t is Plaintiff and his attorneys who filed this very similar action in this district after [another] district court

5

dismissed a virtually identical [] claim"). Plaintiff's counsel attempted to dismiss the first-filed *Genius* Action on June 29, 2026, only to turn around and file this action on the very same day. *See* Defs.' Mot. at Ex. 15 (ECF 9-15). As courts have warned, "[s]electively dismissing certain cases to avoid the application of a doctrine of law must [] be discouraged." *Abreu*, 2022 WL 2355541, at *23; *see id.* at *5 (finding that "judicial economy, consistency, and comity weigh in favor of applying the first-to-file rule").

In any event, although it is not a requirement for the first-filed rule to apply, the *Genius* Action remains pending in the Southern District of New York. The day after Plaintiff's counsel sought to dismiss the *Genius* Action, Judge Caproni issued an order stating that "[t]he Clerk of Court is respectfully directed not to close this case until further notice." *See* Defs.' Mot. at Ex. 22 (ECF 9-22). That order and the *Genius* Action remain active. Plaintiff attempts to avoid that fact by arguing, contrary to the Court's decision, that dismissal was "self-executing" under Fed. R. Civ. P. 41(a)(1)(A)(i). Pl.s' Mot. at 7-8. But Plaintiff cannot unilaterally overrule a federal judge. "[T]here may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation." *Century Sur. Co. v. Vas & Sons Corp.*, 2018 WL 4804656, at *3 (E.D.N.Y. Sept. 30, 2018) (citation omitted); *see also Harvey Aluminum, Inc. v. American Cynamid Co.*, 203 F.2d 105 (2d Cir. 1953). That point is reached where, as here, Plaintiff's counsel has engaged in blatant forum shopping to avoid an adverse decision from the Southern District of New York. *See Erie-Lackawanna R. Co. v. United States*, 279 F. Supp. 303, 307 (S.D.N.Y. 1967) ("While obviously no plaintiff should be forced to litigate against his will, that does not mean that he is wholly free at his own volition to stop litigation in the court of his initial choice and begin again in another, regardless of the interests of other parties and the public interest.").

The remaining factors under the first-to-file analysis are similarly satisfied.  *See* Defs.' Mot. at 11-13.  The parties are sufficiently similar between this action and the *Genius* Action, as there is significant overlap between the two putative classes, the alleged Class Period is the same, and Plaintiff Reynolds is a member of both putative classes.  Plaintiffs in both actions are represented by the same three law firms, and the actions assert identical Exchange Act claims based on the exact same alleged manipulative trading and spoofing events, seeking identical relief against the same Defendants.  Plaintiff has not identified any "compelling circumstances" that would warrant an exception from the first-to-file rule.  *See* Defs.' Mot. at 14.  The first-to-file rule therefore supports transfer.

Even if the first-to-file rule did not apply, transfer is nonetheless appropriate under 28 U.S.C. § 1404(a).  While Plaintiff argues that the Southern District of Florida is "a forum with a substantial connection to the alleged misconduct," Plaintiff does not dispute that the Southern District of New York would be a proper venue, nor could he.  Plaintiff also does not dispute that much of the relevant alleged conduct took place in New York.  Moreover, no factors relevant to the § 1404(a) analysis weigh against transfer.  *See* Defs.' Mot. at 14-17.  Transfer of this action to Judge Caproni in the Southern District of New York is therefore also warranted pursuant to § 1404(a).

### 2. Judge Caproni Should Address Any Issues Concerning the Scope of Her Prior Order

In the Court's decision denying Genius's motion for lead plaintiff appointment and Plaintiff's counsel's motion to be appointed lead counsel, Judge Caproni analyzed several arguments raised by Defendants in opposition to Genius's lead plaintiff application, including statute of limitations and reliance defenses. Judge Caproni's opinion demonstrates her familiarity with those issues that will again be at issue at the motion to dismiss stage, in particular because

Plaintiff and his counsel have filed a substantially identical complaint to the one filed in the *Genius* Action. Plaintiff is wrong to characterize Judge Caproni's order as "confined to whether Genius could adequately serve as lead plaintiff in the SDNY Action." Pl.'s Mot. at 9, 12. Judge Caproni ruled not only that Genius and Plaintiff's counsel could not proceed as lead plaintiff and lead counsel, but, after requesting additional briefing, explicitly, also decided that the lead plaintiff appointment process could not be reopened at all. *See* Defs.' Mot. at Ex. 1 (ECF 9-1) ("All putative Class members were given statutorily compliant notice of the opportunity to move for appointment as Lead Plaintiff. . . . so there is not a crop of potential plaintiffs that the Court expects would come out of the woodwork now *on their own volition*."). Judge Caproni's order further issued clear directives on how the *Genius* Action could proceed and set a schedule to move quickly into briefing on the merits. *See id.* ("Genius can—and has indicated that its three law firms will—pursue this lawsuit.").

Plaintiff attempts to brush aside this decision by arguing that Judge Caproni's decision was "narrow" and did not reach the merits. Plaintiff further argues that Defendants are trying to "transform" Judge Caproni's order into a "global injunction." These characterizations lack merit. Judge Caproni clearly held, with respect to a substantially identical putative class *that included Plaintiff Reynolds*, that "[a]ll putative Class members were given statutorily compliant notice of the opportunity to move for appointment as Lead Plaintiff" and that the appointment process should not be reopened. *See id*.

Plaintiff erroneously claims that this new case materially changes the action and should have allowed him to ignore Judge Caproni's order just because it "expands the pleaded class to include purchasers as well as sellers" of Genius shares. Pl.'s Mot. at 11-12. The effort to "expand" the putative class appears to be a lawyer-driven attempt to avoid the application of Judge Caproni's

8

ruling in the *Genius* Action.  Plaintiff Reynolds was undoubtedly a class member in the *Genius* Action and could have moved for lead plaintiff and filed an amended complaint there, but he did not.  In any event, this argument has no bearing on Plaintiff's extension request, nor is it an impediment to transfer.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' motion to transfer, the Court should deny Plaintiff's request for an extension of time and grant Defendants' motion to transfer this action to Judge Caproni in the Southern District of New York.

Dated: July 27, 2026

MARCUS RASHBAUM PINIERO & MEYERS LLP

 */s/ Daniel Rashbaum*
Daniel Rashbaum
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2530
Miami, FL 33131
Tel: (305) 400-4260
drashbaum@mrpfirm.com

*Attorneys for Citadel Securities LLC and*
*Virtu Americas LLC*

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jyoungwood@stblaw.com
meredith.karp@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Citadel Securities LLC*

9

PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP

Andrew G. Gordon (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
Daniel Negless (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
agordon@paulweiss.com
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com

*Attorneys for Virtu Americas LLC*

10