## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ARON REYNOLDS, individual and on behalf of all others similarly situated, | Case No. 1:26-cv-24485-RKA |
| Plaintiff, | CLASS ACTION |
| v. | |
| CITADEL SECURITIES LLC and VIRTU AMERICAS LLC, | |
| Defendants. | |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO TRANSFER [ECF NO. 9]

Plaintiff Aron Reynolds ("Plaintiff") respectfully submits this reply memorandum of law in further support of his Motion for an Extension of Time to Respond to Defendants' Motion to Transfer (ECF No. 30, the "Motion for Extension") and in reply to Defendants' Memorandum of Law in Opposition thereto (ECF No. 31, the "Opposition" or "Opp."). Defendants' Opposition does not rebut Plaintiff's showing of good cause under Federal Rule of Civil Procedure 6(b)(1)(A) or identify any prejudice that would result from the modest extension Plaintiff seeks. Accordingly, Plaintiff's Motion for Extension should be granted.

## I.   PRELIMINARY STATEMENT[1]

This Reply concerns a narrow procedural question: whether Plaintiff has established good cause under Federal Rule of Civil Procedure 6(b) for a brief extension of time to respond to Defendants' Motion to Transfer until after the Court appoints the lead plaintiff pursuant to the PSLRA. Plaintiff has done so. Defendants' Opposition does not meaningfully address that question. Instead, it largely litigates the merits of the Motion to Transfer and confirms why the Court-appointed lead plaintiff should determine the appropriate response to a motion that may dictate the forum and future course of this Action.

In doing so, Defendants repeatedly overread Judge Caproni's Order in the previously dismissed Southern District of New York action. Although that Order addressed only whether Genius could adequately serve as lead plaintiff and declined to reopen the lead plaintiff process *in that case*, Defendants urge this Court to treat it as effectively foreclosing a separate PSLRA action by another investor. Whether Defendants' characterization ultimately prevails is a question for

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings ascribed to them in Plaintiff's Motion for Extension.

the Motion to Transfer.  It is not a reason to require Plaintiff to litigate those issues before the Court appoints the lead plaintiff the PSLRA contemplates will direct this Action.

Nor have Defendants identified any prejudice that would result from the brief extension Plaintiff seeks.  If the Court ultimately grants Defendants' Motion to Transfer, Judge Caproni will have the opportunity to address the very issues Defendants contend warrant transfer.  There is therefore no reason to require Plaintiff to litigate those issues before the Court appoints the lead plaintiff.

## II.   ARGUMENT

### A.   Defendants Fail to Rebut Plaintiff's Showing of Good Cause under Rule 6(b) or Demonstrate Any Prejudice

Defendants' Opposition does not undermine Plaintiff's showing of good cause under Rule 6(b).  Instead, Defendants largely argue that Plaintiff is capable of responding to Defendants' Motion to Transfer before the appointment of a lead plaintiff and therefore should do so.  But that is not the issue presented by Plaintiff's Motion.  The question is not whether Plaintiff can respond to the Motion to Transfer, but whether, consistent with the PSLRA, the Court should require Plaintiff to do so before appointing the lead plaintiff who will direct this Action.  Plaintiff should not be required to respond to a motion that may substantially affect the future course of this Action before the Court appoints the lead plaintiff who will direct the litigation on behalf of the proposed class.  The brief extension Plaintiff requests both honors the PSLRA's mandate charging the Court-appointed lead plaintiff with the authority to make such weighty decisions on the Class's behalf and works no prejudice on Defendants.  Plaintiff therefore respectfully requests that the Court exercise its discretion under Rule 6(b) to allow the Court-appointed lead plaintiff to determine the appropriate response to Defendants' Motion to Transfer.

None of Defendants' authorities involved the procedural posture presented here.  In each of *Garity*, *In re Target*, and *Steck*, the motion to transfer was filed only after the PSLRA lead plaintiff application period had expired.  Thus, unlike here, the transfer motion was litigated only after the investors seeking to direct the litigation on behalf of the proposed class had an opportunity to appear and be heard.  *See Garity v. Tetraphase Pharms. Inc.*, No. 1:18-cv-06797 (S.D.N.Y.), ECF No. 17 (following withdrawal of one lead plaintiff movant, the sole remaining movant opposed transfer); *In re Target Corp. Sec. Class Action Litig.*, No. 2:25-cv-00135 (M.D. Fla.), ECF Nos. 64–65 (two competing lead plaintiff movants separately opposed transfer); *Steck v. Santander Consumer USA Holdings Inc.*, No. 1:14-cv-06942 (S.D.N.Y.), ECF No. 32 (presumptive lead plaintiff opposed transfer).  *Pluralsight* and *Wasson* are likewise distinguishable.  In neither case did the plaintiff move for an extension of time to respond to the transfer motion pending completion of the PSLRA lead plaintiff process.  *See City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019); *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283 (C.D. Cal. Nov. 2, 2018). Rather, each involved a more conventional § 1404(a) transfer dispute in which defendants sought transfer to the district where the defendant company was headquartered.  *See Pluralsight*, 2019 WL 12496341, at *1; *Wasson*, 2018 WL 6016283, at *4.  Accordingly, neither court was asked to exercise its discretion under Rule 6(b) to defer briefing until after the Court appointed the lead plaintiff to direct the litigation.

Finally, Defendants have not identified any prejudice that would result from the modest extension Plaintiff seeks.  Plaintiff moved for relief before the response deadline expired, and the requested extension would simply allow the Court-appointed lead plaintiff to determine the appropriate litigation strategy with respect to a transfer motion that may determine the forum and

3

future course of this Action. Nor would the requested extension frustrate the interests Defendants contend support transfer. To the contrary, if Defendants are correct that this Action belongs in the Southern District of New York, then Judge Caproni will ultimately preside over the case and can address any issues concerning the prior proceedings at that time. The requested extension therefore does not risk inconsistent rulings or otherwise prejudice Defendants.

**B.      Defendants' Opposition Reinforces the Need for a Brief Extension**

Rather than addressing whether Plaintiff established good cause under Rule 6(b), Defendants devote most of their Opposition to litigating the merits of their Motion to Transfer. They contend that the first-to-file rule applies notwithstanding the voluntary dismissal of the SDNY Action, that Judge Caproni's Order precludes this Action from proceeding under the PSLRA, and that Plaintiff's counsel engaged in forum shopping and gamesmanship by commencing this Action. Plaintiff disputes each of those arguments, but whether they ultimately prevail is a question for the Motion to Transfer. For present purposes, however, Defendants' Opposition confirms that the Motion to Transfer raises substantial legal and procedural issues that should be addressed by the Court-appointed lead plaintiff.

Defendants' discussion of the first-to-file rule illustrates why a brief extension is warranted. Defendants contend that the doctrine applies notwithstanding the voluntary dismissal of the SDNY Action and that the Eleventh Circuit authorities cited by Plaintiff do not require simultaneous pendency. *See* Opp. at 4–5. Those competing interpretations underscore that the Motion to Transfer presents substantial legal questions regarding the scope of the first-to-file doctrine. The Eleventh Circuit has consistently described the first-to-file doctrine in terms of competing actions "pending in two federal courts," and Plaintiff cited those decisions because they accurately articulate the governing framework in this Circuit. *See Manuel v. Convergys Corp.*, 430 F.3d

4

1132, 1135 (11th Cir. 2005).  Defendants, by contrast, principally rely on district court decisions that Plaintiff distinguished because they arose in materially different procedural circumstances. *See* Mot. for Extension at p.8 n.2.

Defendants also contend that the SDNY Action nevertheless "remains pending" because Judge Caproni directed the Clerk "not to close the case" after Genius filed its Rule 41(a)(1)(A)(i) notice of dismissal.  *See* Opp. at 6.  However, as explained in Plaintiff's Motion for Extension, binding Eleventh Circuit authority provides that a Rule 41(a)(1)(A)(i) notice of dismissal is self-executing, immediately terminates the action, and leaves it "no longer pending."  *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021).  That issue, too, should be addressed by the Court-appointed lead plaintiff in responding to the Motion to Transfer.

Defendants likewise overread Judge Caproni's Order.  Contrary to Defendants' assertion that the Order "demonstrates her familiarity" with issues that will arise at the motion to dismiss stage, Opp. at 7, the Order addressed only whether Genius could adequately serve as lead plaintiff and the unique defenses bearing on Genius's adequacy—not the merits of Plaintiff's Exchange Act claims or the class wide issues that would be presented by a motion to dismiss.  Nor does Defendants' assertion that Plaintiff fell within the putative class in the SDNY Action transform Judge Caproni's plaintiff-specific ruling into one barring a separate PSLRA action by another investor.  *See* Opp. at 8.  Finally, Plaintiff's inclusion of purchasers in the proposed class is not, as Defendants contend, an attempt to evade Judge Caproni's Order.  *See* Opp. at 8–9.  Rather, it is entirely consistent with that Order, which neither prohibited another investor from commencing a separate PSLRA action nor foreclosed a new PSLRA notice based on that action.  Moreover, if this Court ultimately grants Defendants' Motion to Transfer, Judge Caproni will have the opportunity to address these issues in the ordinary course.  There is therefore no reason to require

Plaintiff to litigate those issues before the Court appoints the lead plaintiff who will direct this Action.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's deadline to respond to Defendants' Motion to Transfer until fourteen (14) days after the Court appoints a lead plaintiff pursuant to the PSLRA.  Alternatively, Plaintiff requests that the Court extend Plaintiff's response deadline until fourteen (14) days after the August 28, 2026 deadline for lead plaintiff motions, together with such other and further relief as the Court deems just and proper.

DATED: July 28, 2026

Respectfully submitted,

*/s/ Jacob Abrams*

**KASOWITZ LLP**
Jacob Abrams
201 S. Biscayne Blvd., Suite 2550
Miami, FL 33131
Telephone: (305) 377-1666
Facsimile: (305) 377-1664
jabrams@kasowitz.com

**GRANT & EISENHOFER P.A.**

Abe Alexander (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (610) 722-8501
aalexander@gelaw.com
vpontrello@gelaw.com

**CHRISTIAN ATTAR**

James W. Christian (*pro hac vice*
forthcoming)
1177 W. Loop South, Suite 1700
Houston, Texas 77027
Telephone: (713) 659-7617
Facsimile: (713) 659-4641
jchristian@christianattarlaw.com

*Counsel for Plaintiff Aron Reynolds*

7