UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-24485-ALTMAN

ARON REYNOLDS,

     *Plaintiff,*

v.

CITADEL SECURITIES LLC, *et al.*,

     *Defendants.*

_____/

**ORDER**

Our Plaintiff, Aron Reynolds, filed this putative class action on June 29, 2026. *See* Complaint [ECF No. 1]. On July 20, 2026, our Defendants, Citadel Securities LLC and Virtu Americas LLC, filed a Motion to Transfer Venue to the Southern District of New York (the "Transfer Motion") [ECF No. 9], arguing that "[t]his case is a brazen attempt by Plaintiff's counsel to skirt a federal judge's decision" denying their previous motion to "appoint a lead plaintiff and to appoint Plaintiff's counsel here as 'Lead Counsel'" in a related Southern District of New York case. Transfer Motion at 5. In a seventeen-page Motion for Extension of Time to Respond to the Transfer Motion (the "Extension Motion") [ECF No. 30], Reynolds insists that he's "eager to respond" to the Transfer Motion—a motion he "vigorously disputes"—but contends that only a court-appointed lead plaintiff is able to do so. Extension Motion at 2. He asks that we extend the "Plaintiff's deadline to respond [to the Transfer Motion] until fourteen (14) days after the Court appoints a lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995[.]" *Id.* at 4. Alternatively, he requests that we extend the response deadline to September 18, 2028, allowing any "competing lead plaintiff movants to confer, determine whether a coordinated response is appropriate, and prepare any such response." *Id.* at 6. For several reasons, we **DENY** the Extension Motion.

*First*, we think it makes sense to resolve threshold inquiries—such as whether our Court is the proper venue for this case—before exercising our discretion to appoint a lead plaintiff. As the Defendants observe, several other courts have reached similar conclusions and granted transfer motions *prior* to the appointment of a lead plaintiff. *See* Defendants' Response in Opposition to Extension Motion (the "Extension Response") [ECF No. 31] at 6–7 (collecting cases); *see also, e.g.*, *Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *5 (S.D.N.Y. May 30, 2019) ("Because the Court grants Defendants' transfer motion, it will leave the determination as to the appointment of the lead plaintiff and lead counsel to the District Court of Massachusetts."); *In re Target Corp. S'holder Class Action Litig.*, 2025 WL 3187126, at *5 (M.D. Fla. Nov. 14, 2025) (Dudek, J.) (granting motion to transfer prior to appointment of lead plaintiff); *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, at *1 (C.D. Cal. Nov. 2, 2018) ("The Court concludes that the possibility that a lead plaintiff might prefer litigating in this District is no reason to delay deciding this motion. This Court has previously decided motions to transfer before motions for lead plaintiff, and we see no reason to take a different course here."). Reynolds, on the other hand, hasn't cited any authority for his proposition that only a court-appointed lead plaintiff can appropriately respond to a motion to transfer venue. *See generally* Extension Motion.

*Second*, we're skeptical of Reynolds's claim that, because the Transfer Motion "implicates issues that will significantly shape the future course of this litigation," "the right to decide how best to respond to that motion should be in the hands of the [c]ourt-appointed lead plaintiff." Extension Motion at 5. It's a well-established principle of the attorney-client relationship that the client is responsible for major strategic decisions (such as whether to sue, who to sue, and when to settle) and that counsel is responsible for tactical ones (such as which specific arguments to advance). *See Robert Leroy McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) (explaining that major decisions are reserved for the client, but that counsel decides "what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence"); *see also Sec. & Exch. Comm'n v.*

2

*Lauer*, 2015 WL 11004892, at *8 (S.D. Fla. Nov. 24, 2015) (Marra, J.) ("A general principle of attorney-client relationships is that the client determines 'the ends' (such as who to sue or whether to settle), while attorneys decide 'the means' (such as what type of motions to bring)."). The only major strategic decision to make at this juncture is *whether* to oppose transfer. And Reynolds, the presumptive lead plaintiff and individual responsible for this action, has already told us that he's opposed. *See* Extension Motion at 6 ("While Plaintiff is eager to respond to Defendants' Motion, which it vigorously disputes on both legal and factual grounds, it is not the appropriate party to do—at least not until the Court issues a lead plaintiff order saying so."). If a different lead plaintiff is proposed and appointed, and if that plaintiff (unlike Reynolds) prefers to litigate in the Southern District of New York, we're sure the Defendants would be amenable.

*Third*, Plaintiff's counsel is plainly capable of opposing the Transfer Motion without input from a court-appointed lead plaintiff. Indeed, they spend several pages of the Extension Motion doing precisely that. *See* Extension Motion at 9–12 (arguing that the Transfer Motion "rests on disputed factual and legal premises" (capitalization altered)).

Because Reynolds hasn't established good cause for his requested extension,[1] we **ORDER** and **ADJUDGE** that the Extension Motion [ECF No. 30] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on July 28, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[1] We agree with the Defendants that Reynolds hasn't shown that competing lead-plaintiff candidates would be better positioned "to respond to Defendants' motion, let alone capable of coordinating any response, while at the same time contesting each other's right to represent the putative class." Extension Response at 8.