**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ARON REYNOLDS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | Case No. 1:26-CV-24485-RKA |
| CITADEL SECURITIES LLC and VIRTU AMERICAS LLC, | |
| Defendants. | |

**DEFENDANTS' UNOPPOSED MOTION TO STAY**
**DEFENDANTS' DEADLINE TO RESPOND TO THE COMPLAINT**

Defendants Citadel Securities LLC and Virtu Americas LLC respectfully move the Court

to stay their August 12, 2026 deadline to respond to the Complaint (ECF No. 1) until after the

Court issues a decision resolving their pending motion to transfer this action to the Southern

District of New York (ECF No. 9).  Plaintiff does not oppose this request.

On July 20, 2026, Defendants moved to transfer this action to the Southern District of New

York pursuant to the first-to-file rule and 28 U.S.C. § 1404(a).  Plaintiff's response to the transfer

motion is due August 3, 2026, and Defendants' reply is due August 10, 2026.

"A request for an extension, made before the expiration of the deadline, should be granted

where good cause is shown." *Sensi* v. *Fla. Officers of Ct.*, 737 F. App'x 433, 436 (11th Cir. 2018);

*see also* Fed. R. Civ. P. 6(b)(1)(A).  Motions to extend deadlines "should be liberally granted

absent a showing of bad faith . . . or undue prejudice." *Lizarazo* v. *Miami-Dade Corr. & Rehab.

Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (alteration in original) (quotation marks omitted).

Here, good cause exists to delay Defendants' deadline to respond to the Complaint until after the

1

transfer motion is resolved. It would waste judicial resources to require the Court to adjudicate Defendants' forthcoming motion to dismiss when the case may be transferred to a different jurisdiction.  And the parties should not be required to brief substantive legal issues before they know which jurisdiction's law will apply.  Indeed, in ruling on Plaintiff's request to extend its time to respond to the transfer motion, the Court explained that "it makes sense to resolve threshold inquiries—such as whether our Court is the proper venue for the case," at an early stage of the litigation, before lead plaintiff selection.  ECF No. 33 at 2.

Courts regularly adjourn the deadline for defendants to respond to a complaint when a motion to transfer is pending.  *E.g.*, *Valentine* v. *Dep't of Homeland Sec.*, 2014 WL 4185188, at *2 (N.D. Fla. Aug. 22, 2014) (granting motion to extend response deadline "pending the resolution of the motion to transfer"); *City & Cnty. of Butte-Silver Bow* v. *3M Co.*, 2025 WL 1859237, at *1 (D. Mont. June 27, 2025) (similar); *Kim* v. *BMW of N. Am., LLC*, 2013 WL 655198, at *1 n.1 (D.N.J. Feb. 20, 2013) (similar); *see also Bonenfant* v. *R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").

The requested stay would not prejudice Plaintiff, who does not oppose the request and who would similarly benefit from knowing where the case will be litigated and which jurisdiction's law will apply before briefing a motion to dismiss.

Accordingly, Defendants request that the Court stay the deadline to respond to the Complaint until the motion to transfer is resolved.  Defendants request that the parties be required to submit a proposed schedule for next steps, including briefing a motion to dismiss, within seven (7) days of the Court's order resolving Defendants' transfer motion, if the case is not transferred.

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)</u>**

Undersigned counsel for Defendants certify that they made reasonable efforts to confer with counsel for Plaintiff regarding the relief sought in this Motion.  Specifically, on July 29 and July 30, 2026, undersigned counsel for Defendants emailed counsel for Plaintiff regarding adjourning Defendants' deadline to respond to the Complaint.  Counsel for Plaintiff does not oppose the relief sought in this Motion.

Dated: August 3, 2026

MARCUS RASHBAUM PINIERO & MEYERS LLP

 */s/ Daniel Rashbaum*
Daniel Rashbaum
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2530
Miami, FL 33131
Tel: (305) 400-4260
drashbaum@mrpfirm.com

*Attorneys for Citadel Securities LLC and*
*Virtu Americas LLC*

PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP

Audra J. Soloway (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
Daniel Negless (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com

*Attorneys for Virtu Americas LLC*

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jyoungwood@stblaw.com
meredith.karp@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Citadel Securities LLC*