## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ARON REYNOLDS, individual and on behalf of all others similarly situated, | Case No. 1:26-cv-24485-RKA |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| CITADEL SECURITIES LLC and VIRTU AMERICAS LLC, | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANTS' MOTION TO TRANSFER</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 3

I.      THE FIRST-FILED RULE DOES NOT SUPPORT TRANSFER ................................... 3

        A.      The First-Filed Rule Does Not Apply Because There Were Never Two
               Simultaneously Pending Actions ............................................................................ 3

        B.      Even If the First-Filed Rule Applied, the Actions Are Not Sufficiently Similar to
               Warrant Transfer ................................................................................................... 7

II.     TRANSFER IS NOT WARRANTED UNDER 28 U.S.C. § 1404 ................................... 9

CONCLUSION.................................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. Pfizer, Inc.*
2022 WL 2355541 (S.D. Fla. June 22, 2022) ...................................................................6

*Absolute Activist Value Master Fund Ltd. v. Devine*,
998 F.3d 1258 (11th Cir. 2021) ...................................................................................4, 5

*Ambient Healthcare, Inc. v. Columbia Cas. Co.*
2012 WL 12864330 (S.D. Fla. Dec. 12, 2012) ...............................................................4

*Azurity Pharms., Inc. v. CoreRx, Inc.*,
2022 WL 2306860 (M.D. Fla. Jan. 14, 2022) .................................................................5

*Baksh v. Captain*,
2000 WL 33177209 (E.D.N.Y. Dec. 11, 2000) ...............................................................6

*Century Sur. Co. v. Vas & Sons Corp.*
2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018) ................................................................7

*Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*,
713 F.3d 71 (11th Cir. 2013) .........................................................................................3

*Erie-Lackawanna R. Co. v. United States*,
279 F. Supp. 303 (S.D.N.Y. 1967) .................................................................................6

*Gubarev v. Buzzfeed, Inc.*,
253 F. Supp. 3d 1149 (S.D. Fla. 2017) .........................................................................11

*Halbert v. Credit Suisse AG*,
358 F. Supp. 3d 1283 (N.D. Ala. 2018) ................................................................7, 8, 12

*Harvey Aluminum, Inc. v. Am. Cyanamid Co.*
203 F.2d 105, (2d Cir. 1953) ..........................................................................................6

*IoT Innovations LLC v. Lutron Electronics Co.*
2026 WL 860531 (S.D. Fla. Mar. 30, 2026) ...................................................................6

*ISC Holding AG v. Nobel Biocare Fin. AG*,
688 F.3d 98 (2d Cir. 2012) .............................................................................................6

*Johnson Chem. Co. v. Home Care Prods., Inc.*,
823 F.2d 28 (2d Cir. 1987) .............................................................................................6

*Kelly v. Philip Morris Int'l Inc.*
  2024 WL 5057622 (S.D. Fla. Apr. 18, 2024) ...........................................................................4

*LFR Collections LLC v. Taylor*,
  2011 WL 4736360 (M.D. Fla. Oct. 7, 2011) ...........................................................................12

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005) ...............................................................................................3

*Mason v. Smithkline Beecham Clinical Lab'ys*,
  146 F. Supp. 2d 1355 (S.D. Fla. 2001) ..................................................................................10

*Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*,
  506 F.2d 914 (5th Cir. 1975) ....................................................................................................6

*PJI Rest. LLC v. Papa Joes of Islamorada, LLC*,
  2025 WL 2735423 (S.D. Fla. July 30, 2025)...........................................................................5

*SEC v. Cheetah X Inc.*,
  2026 WL 1067017 (S.D. Fla. Apr. 20, 2026) .........................................................................12

*SEC v. Walker*,
  2021 WL 5088853 (S.D. Fla. Aug. 16, 2021)..........................................................................11

*Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*,
  2023 WL 5275187 (S.D. Fla. Aug. 16, 2023)..............................................................9, 10, 11

*Warner v. Tinder, Inc.*,
  675 F. App'x 945 (11th Cir. 2017) ...........................................................................................4

*Wi-LAN USA, Inc. v. Alcatel-Lucent USA Inc.*,
  2013 WL 358385 (S.D. Fla. Jan. 29, 2013) ...........................................................................10

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................... *passim*

28 U.S.C. § 1441(b) .......................................................................................................10

**Other Authorities**

Federal Rule of Civil Procedure 41 ....................................................................... *passim*

Plaintiff Aron Reynolds ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to transfer this action to the Southern District of New York (ECF No. 9) (the "Motion") filed by Defendants Citadel Securities LLC ("Citadel") and Virtu Americas LLC ("Virtu" and together with Citadel, the "Defendants").

**PRELIMINARY STATEMENT**

Defendants seek far more than a routine transfer of venue. They ask this Court to transfer this action to the Southern District of New York—and specifically to Judge Valerie E. Caproni—based on a narrow, plaintiff-specific order concerning lead plaintiff selection under the Private Securities Litigation Reform Act ("PSLRA") in a separate action brought by a different plaintiff. That action, however, was voluntarily dismissed ***before Plaintiff commenced this action***. Defendants nevertheless seek to transform that limited, pre-merits procedural ruling into a sweeping mandate requiring every other investor asserting similar claims against Defendants to proceed before Judge Caproni. Neither the first-filed rule nor 28 U.S.C. § 1404(a) supports that extraordinary result.

In *Genius Group Limited v. Citadel Securities LLC*, No. 1:25-cv-9546 (S.D.N.Y.) (the "SDNY Action"), Judge Caproni concluded that plaintiff Genius Group Limited ("Genius") could not serve as lead plaintiff under the PSLRA, declined to reopen the PSLRA lead plaintiff appointment process after no other investor sought appointment during the statutory notice period, and left Genius to pursue only its individual claims. *See* SDNY Action, ECF No. 40 (the "SDNY Order"). Those were the only issues decided by the SDNY Order, which addressed only Genius' ability to serve as lead plaintiff under the PSLRA. It did not adjudicate the merits of the underlying market manipulation claims or purport to determine the rights of absent class members.

Defendants' Motion repeatedly mischaracterizes the legal effect of that narrow ruling on Genius' ability to serve as lead plaintiff. The SDNY Order neither precluded another investor

1

from commencing a separate securities class action nor extinguished the independent rights of absent class members to do so in a proper forum. After the SDNY Order was issued, Genius voluntarily dismissed the SDNY Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) before any adjudication on the merits. Plaintiff, a different investor and putative class member, thereafter commenced this separate securities class action on behalf of a broader proposed class of purchasers and sellers of Genius stock.

Defendants' Motion fails for several independent reasons. First, the first-filed rule does not apply because there were never two simultaneously pending federal actions. Before Plaintiff commenced this action, the SDNY Action had already been voluntarily dismissed by Genius. Second, even assuming the first-filed rule could apply despite the absence of two simultaneously pending actions, Defendants cannot satisfy the rule's similarity requirement, and compelling circumstances independently counsel against transfer because Defendants' interpretation of the SDNY Order would effectively foreclose absent class members from pursuing their own securities class action. Finally, Defendants cannot satisfy their independent burden under 28 U.S.C. § 1404(a). Plaintiff filed in a district with an obvious nexus to the parties and the alleged misconduct, and Defendants identify no witness-specific inconvenience or other exceptional circumstance sufficient to overcome Plaintiff's chosen forum.

The Motion ultimately rests on a fundamental mischaracterization of both the SDNY Order and this action. The SDNY Order did not—and could not—bar absent class members from exercising their independent right to file a class action under the PSLRA. Although this action arises from the same alleged market manipulation, Plaintiff seeks to represent a materially broader proposed class that includes purchasers as well as sellers of Genius stock, presenting different

2

standing and damages issues.  Because neither the first-filed rule nor 28 U.S.C. § 1404(a) permits the extraordinary relief Defendants seek, the Motion should be denied.

## ARGUMENT

### I.     THE FIRST-FILED RULE DOES NOT SUPPORT TRANSFER

Defendants' principal argument fails at the threshold.  The first-filed rule applies only where two actions involving substantially similar parties and issues are simultaneously pending in different federal courts.  Here, that prerequisite is absent.  Before Plaintiff commenced this action, Genius voluntarily dismissed the SDNY Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Accordingly, there were never two simultaneously pending actions, and the first-filed rule does not apply.

Nor does the SDNY Order compel a different result.  That Order addressed only whether Genius could serve as lead plaintiff under the PSLRA and whether the lead plaintiff appointment process should be reopened after no other investor sought appointment during the statutory notice period.  It did not adjudicate the merits of the underlying securities claims, determine the rights of absent class members, or prohibit another investor from commencing a separate securities class action.

Even if the first-filed rule could apply despite the absence of two simultaneously pending actions, Defendants still cannot satisfy the rule's similarity requirement, and compelling circumstances independently counsel against transfer.

### A.     The First-Filed Rule Does Not Apply Because There Were Never Two Simultaneously Pending Actions

The Eleventh Circuit has consistently held that the first-filed rule applies only "[w]here *two actions* involving overlapping issues and parties *are pending in two federal courts*[.]" *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (emphasis added); *accord Collegiate*

*Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).  Indeed, the Eleventh Circuit has observed that it is "particularly skeptical" of applying the first-filed rule where "[a]t no point was this case pending in two federal courts at the same time—something that our case law appears to suggest is a requisite for application of the rule." *Warner v. Tinder, Inc.*, 675 F. App'x 945, 947 n.2. (11th Cir. 2017).  Unless both actions are pending simultaneously, the first-filed rule simply does not come into play.

Courts in this District have applied the same principle.  In *Ambient Healthcare, Inc. v. Columbia Casualty Co.*, the court held that the first-filed rule did not apply where the earlier-filed action had been voluntarily dismissed before it was ever served or litigated because "two actions are not currently pending in two separate federal courts," and "the policy considerations that support the 'first-filed' rule are not present."  2012 WL 12864330, at *4 (S.D. Fla. Dec. 12, 2012).  More recently, in *Kelly v. Philip Morris International Inc.*, the court denied a motion to transfer under the first-filed rule where the earlier-filed action had been voluntarily dismissed before any substantive motions were filed or adjudicated, explaining that because "the [earlier-filed] Action is no longer pending, concerns of inconsistent rulings or duplication of judicial resources are eliminated."  2024 WL 5057622, at *2 (S.D. Fla. Apr. 18, 2024).

Those principles compel the same result here.  Before Plaintiff commenced this action, Genius voluntarily dismissed the SDNY Action pursuant to Rule 41(a)(1)(A)(i). *See* SDNY Action, ECF No. 41.  Because no defendant had served either an answer or a motion for summary judgment, Rule 41(a)(1)(A)(i) governed that dismissal.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  Under Rule 41(a)(1)(A)(i), Genius' notice of voluntary dismissal was self-executing, became effective immediately upon filing, rendered the SDNY Action "no longer pending," and "the district court [was] immediately deprived of jurisdiction over the merits of the case." *Absolute Activist Value*

4

*Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021); *see also Azurity Pharms., Inc. v. CoreRx, Inc.*, 2022 WL 2306860, at *1 (M.D. Fla. Jan. 14, 2022) (applying *Devine*). Accordingly, because the SDNY Action ceased to be pending before Plaintiff commenced this action, there were never two simultaneously pending federal actions. The first-filed rule therefore has no application here.

Unable to satisfy that threshold requirement, Defendants half-heartedly argue that the SDNY Action is "still pending" because, after Genius filed its notice of voluntary dismissal, Judge Caproni "ordered the Clerk of Court not to close the case." Mot. at 11. But Rule 41(a)(1)(A)(i) dismissals do not depend on judicial approval or administrative docket entries. As *Devine* makes clear, "no further court order is necessary to effectuate the dismissal." *Devine*, 998 F.3d at 1265. As another court in this District recently explained, a Rule 41(a)(1)(A)(i) dismissal "is a matter of right running to the plaintiff and ***may not be extinguished or circumscribed by adversary or court***." *PJI Rest. LLC v. Papa Joes of Islamorada, LLC*, 2025 WL 2735423, at *4 (S.D. Fla. July 30, 2025) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (emphasis added)). Defendants identify no authority suggesting that an administrative instruction to the Clerk can revive an action already dismissed under Rule 41(a)(1)(A)(i) or otherwise alter the legal consequences of that self-executing dismissal. Nor do they explain how their position can be reconciled with binding Eleventh Circuit precedent requiring two simultaneously pending actions before the first-filed rule applies. Defendants' argument therefore fails as a matter of law because no first-filed action was pending when Plaintiff commenced this action.

The authorities Defendants cite are unavailing. In *IoT Innovations LLC v. Lutron Electronics Co.*, the first-filed action remained pending when the second action was filed, and was dismissed with prejudice on the merits only after defendants had moved to transfer under the first-

5

filed rule in the second action. 2026 WL 860531, at *1 (S.D. Fla. Mar. 30, 2026). Likewise, *Abreu v. Pfizer, Inc.* involved numerous overlapping class actions that were pending simultaneously in multiple jurisdictions. 2022 WL 2355541, at *2 (S.D. Fla. June 22, 2022). There, the first-filed action remained pending when the defendants moved to transfer under the first-filed rule and was dismissed with prejudice on the merits thereafter. *Id*. at * 3. The court therefore did not address the effect of a Rule 41(a)(1)(A)(i) dismissal entered before the second action commenced.

Further, in opposing Plaintiff's motion for an extension of time to respond to this Motion (ECF No. 31 at 6), Defendants resort to inapposite citations from the Eisenhower and Johnson eras to suggest that Rule 41(a)(1)(i) does not mean what it says. *Harvey Aluminum, Inc. v. Am. Cyanamid Co.* rejected a purported Rule 41(a)(1) dismissal only after several days of evidentiary hearings on a preliminary injunction, the creation of a 420-page record, and a district court ruling that the plaintiffs' likelihood of success on the merits was "remote, if not completely nil." 203 F.2d 105, 107–08 (2d Cir. 1953).[1] *See also Erie-Lackawanna R. Co. v. United States*, 279 F. Supp. 303, 307 (S.D.N.Y. 1967) (addressing Rule 41(a)(2), not Rule 41(a)(1)). Defendants also rely on *Century Surety Co. v. Vas & Sons Corp.*, which involved an attempted Rule 41(a)(1) dismissal only after the plaintiff had moved for default judgment, submitted evidence on the merits, and

---

[1] The Fifth Circuit, when it covered this District, rejected *Harvey*. *See Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975). In any event, *Harvey* has been disapproved of, if not expressly overruled, by the Second Circuit. *See Baksh v. Captain*, 2000 WL 33177209, at *2 (E.D.N.Y. Dec. 11, 2000) (citing *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109 (2d Cir. 1985)); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 119-20 (2d Cir. 2012) (Staub, J., concurring in part) ("The majority emphasizes its 'skepticism' that our decision in *Harvey* . . . 'is still good law.' Indeed, *Harvey* has been rejected, disapproved of, or limited by nearly all the Courts of Appeals that have considered it—including our own. The basis for this 'cool reception' is the *Harvey* Court's rewriting of the unambiguous provisions of Rule 41." (citations omitted)); *Johnson Chem. Co. v. Home Care Prods., Inc.*, 823 F.2d 28, 30 (2d Cir. 1987) (*Harvey* "stands as the only decision in which we have rejected a strict construction of Rule 41(a)(1)(i)" and "must be limited to its 'extreme' facts" (citation omitted)), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

obtained the court's substantive evaluation of the claim.  2018 WL 4804656, at *3–4 (E.D.N.Y. Sept. 30, 2018) (acknowledging "that the Second Circuit has admonished that 'Rule 41(a) provides an unfettered right to voluntarily dismiss'") (internal quotation and citation omitted).  The *Century* court held that the case had reached an "advanced stage" because the plaintiff had "squarely raised the merits of the controversy for the Court's evaluation."  *Id*. at *3 (internal quotation and citation omitted).  None of those circumstances are present here.  Genius filed its Rule 41(a)(1)(A)(i) notice before any defendant served an answer or summary judgment motion and before the court undertook any substantive consideration of the merits.  Accordingly, none of these decisions undermines the settled rule that a self-executing Rule 41(a)(1)(A)(i) dismissal renders an action "no longer pending," thereby precluding application of the first-filed rule to a subsequently filed action.  Because the SDNY Action ceased to be pending before Plaintiff commenced this action, Defendants cannot satisfy the threshold requirement for application of the first-filed rule, and the Court need not proceed any further.

> **B.** **Even If the First-Filed Rule Applied, the Actions Are Not Sufficiently Similar to Warrant Transfer**

Even assuming the first-filed rule could apply despite the absence of two simultaneously pending actions, Defendants still cannot satisfy the rule's similarity requirement.  "A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit."  *Halbert v. Credit Suisse AG*, 358 F. Supp. 3d 1283, 1289 (N.D. Ala. 2018) (quoting *Collegiate Licensing Co.*, 713 F.3d at 79).

Here, Plaintiff seeks to represent a class of similarly situated purchasers and sellers of Genius stock.  *See* Compl. ¶ 82.  By contrast, following the SDNY Order, the SDNY Action could proceed only as Genius' individual action.  *See* SDNY Order at 14.  Defendants nevertheless seek

7

to treat these materially different actions as though they involved the same parties and the same asserted rights. They do not.

The same reasoning that led the *Halbert* court to reject application of the first-filed rule applies here. There, despite substantial overlap in the underlying securities fraud allegations, the court held that the actions were not sufficiently similar because the plaintiffs lacked the requisite identity and asserted different rights. *See Halbert*, 358 F. Supp. 3d at 1289. Likewise, this Court should reject Defendants' attempt to improperly conflate the (now-dismissed) single-seller SDNY Action with the comprehensive class claims on behalf of purchasers and sellers presented here by a different plaintiff. Moreover, because the SDNY Action never reached the merits, let alone achieved class certification, neither Genius nor the SDNY court could bind Plaintiff or any other absent putative class member in this action. *Id.* ("Neither a proposed class action nor a rejected class action may bind nonparties . . . ." (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011))).

Nor did Judge Caproni's Order prohibit another investor from commencing a separate securities class action. Rather, the SDNY Order concluded only that Genius could not serve as lead plaintiff, declined to reopen the PSLRA lead plaintiff appointment process in the SDNY Action, and left Genius to pursue only its individual claims. *See* SDNY Order at 14. In doing so, however, the court did not adjudicate the merits of the putative class claims or the rights of absent class members. Consistent with that Order, Genius exercised its right to voluntarily dismiss its individual action under Rule 41(a)(1)(A)(i), and Plaintiff commenced this separate securities class action in a district where venue is proper. Defendants nevertheless seek to transform the SDNY Order into a global injunction requiring every investor asserting similar claims against Defendants to proceed in the Southern District of New York before Judge Caproni. Nothing in the SDNY Order purported to adjudicate the rights of nonparties or otherwise preclude a later-filed securities

8

class action by a different plaintiff—nor could it.  Were Defendants' position accepted, every absent class member would effectively be foreclosed from pursuing a securities class action arising from the alleged market manipulation, notwithstanding that the SDNY Order never reached the merits, certified a class, or purported to bind nonparties.  That inequitable consequence itself constitutes a compelling circumstance counseling against application of the first-filed rule.  Neither the PSLRA, ordinary principles of preclusion, nor the first-filed rule supports that extraordinary result.

## II.     TRANSFER IS NOT WARRANTED UNDER 28 U.S.C. § 1404

Even apart from the first-filed rule, Defendants fail to satisfy their independent burden under 28 U.S.C. § 1404(a).  Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to another district—not to a specific judge, as Defendants request—where the action might have been brought.  28 U.S.C. § 1404.  In determining whether transfer is warranted, courts weigh a variety of private and public interest factors, including: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*, 2023 WL 5275187, at *8 (S.D. Fla. Aug. 16, 2023) (denying transfer motion).  Defendants bear a heavy burden, and transfer is appropriate only "where the balance of convenience of the parties ***strongly*** favors the defendant." *Id.* (emphasis added).  Defendants cannot satisfy that burden here.

***Convenience of Witnesses and Parties; Plaintiff's Choice of Forum.*** These factors weigh strongly against transfer. "Plaintiff's choice of forum should not be disturbed unless other

considerations clearly outweigh it." *Tuuci* 2023 WL 5275187, at \*13.  A "plaintiff's choice of forum must be afforded considerable deference, where . . . the plaintiff has elected to bring suit in the district in which he resides. *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1360 (S.D. Fla. 2001).  Plaintiff is a Florida resident.  Compl. ¶ 8.  Citadel is headquartered in this District, Virtu maintains an office in this District and conducts substantial business in Florida, and all parties are represented by Florida counsel.[2] *Id*. ¶¶ 8–14.

Defendants' showing as to witness convenience is wholly conclusory.  They assert generally that "likely witnesses concerning Defendants' trading in Genius are principally concentrated in New York," Mot. at 16, but identify no individual witness, describe any witness's anticipated testimony, or explain why such testimony could not fairly be presented by deposition. *See Wi-LAN USA, Inc. v. Alcatel-Lucent USA Inc.*, 2013 WL 358385, at \*4 n.2 (S.D. Fla. Jan. 29, 2013) (vague references to potential witnesses, without specific information about the accused products or an explanation of the relevant testimony to be provided, are insufficient to support transfer); *Tuuci*, 2023 WL 5275187, at \*12 (same).[3]  Nor can Citadel seriously contend that litigating in its home District where it maintains headquarters is inconvenient. *Cf.* 28 U.S.C. § 1441(b) (preventing removal of diversity action if any defendant is a citizen of the forum State).

***Locus of Operative Facts.*** Defendants contend that the operative facts occurred in New York because Genius stock is listed on the New York Stock Exchange and because some of their trading decisions were made in New York.  This argument fails.  The operative facts in this case

---

[2] For similar reasons, the "location of relevant documents" factor favors this venue. In any event, this Court has held that this factor carries little weight in the era of electronic discovery. *See Tuuci*, 2023 WL 5275187, at \*11 (quoting *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, 2010 WL 3056600, at \*5 (S.D. Fla. Aug. 4, 2010).

[3] For the same reasons, Defendants have failed to contend that any witnesses are outside the Court's subpoena power. *See* Tuuci, 2023 WL 5275187, at \*12.

are Defendants' alleged manipulative trading activities and the resulting harm to investors, including Plaintiff.  Those activities were not confined to New York.  Accordingly, this factor favors denying transfer, particularly given Citadel's headquarters in this District and Plaintiff's Florida residence.  *See Tuuci* 2023 WL 5275187, at *11 (the locus of operative facts is often the headquarters of the infringing entity); *Gubarev v. Buzzfeed, Inc.,* 253 F. Supp. 3d 1149, 1166 (S.D. Fla. 2017)("where there is no single locus of the operative facts, this factor is neutral and does not support a transfer."); *SEC v. Walker*, 2021 WL 5088853, at *3 (S.D. Fla. Aug. 16, 2021).

***Trial Efficiency and Interests of Justice.*** Defendants contend that transfer is warranted because Judge Caproni is already "familiar" with the case.  Mot. at 16.  That contention overstates the extent of the SDNY proceedings. As discussed above, the SDNY Action never advanced beyond the lead plaintiff appointment stage. No merits rulings were issued, no discovery occurred, and no substantive motions—including motions to dismiss—were filed or decided.  Judge Caproni's "familiarity" is therefore limited to the narrow, plaintiff-specific procedural issues addressed in the SDNY Order, which concerned Genius's adequacy as a lead plaintiff.  Judge Caproni never considered the sufficiency of the allegations, the legal viability of Plaintiff's Exchange Act claims, or the evidence supporting the alleged market manipulation.  Under these circumstances, there are no meaningful efficiencies to be gained by transfer. This Court is equally capable of addressing the legal and factual issues presented, and no prior judicial investment in the merits would be lost by allowing this action to proceed here.

The interests of justice likewise weigh against transfer. Granting Defendants' Motion would reward their attempt to transform the SDNY Order from a narrow, plaintiff-specific procedural ruling into a sweeping directive governing every subsequent securities class action arising from the alleged market manipulation, thereby restricting the rights of investors who were

never parties to the SDNY Action to pursue their own claims in a proper forum. The PSLRA contemplates that defrauded investors will have a meaningful opportunity to seek redress through securities class actions. Transferring this case to the SDNY—where Judge Caproni has already determined that the prior plaintiff could not adequately represent the class and declined to reopen the lead plaintiff process—would frustrate that objective and undermine the statutory framework Congress established.

Moreover, this action materially differs from the SDNY Action in ways that further counsel against transfer. The proposed class in this case includes both purchasers and sellers of Genius securities, expanding the scope of relief sought and altering the legal and factual issues presented. The interests of justice are therefore best served by allowing this action to proceed in the forum Plaintiff selected—a forum with substantial connections to the parties and the alleged misconduct.

***Forum's Familiarity with the Governing Law.*** Defendants do not contend that this Court is any less capable than the Southern District of New York of applying the federal securities laws governing Plaintiff's claims. Accordingly, this factor does not support transfer. *See SEC v. Cheetah X Inc.*, 2026 WL 1067017, at *8 (S.D. Fla. Apr. 20, 2026).

In sum, the relevant Section 1404(a) factors weigh against transfer or, at a minimum, do not support it. Defendants therefore have not met their "heavy" burden of overcoming Plaintiff's chosen forum. *LFR Collections LLC v. Taylor*, 2011 WL 4736360, at *4 (M.D. Fla. Oct. 7, 2011); *see also Halbert,* 358 F. Supp. 3d 1289. Accordingly, the Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to transfer.

DATED: August 3, 2026

Respectfully submitted,

*/s/ Jacob Abrams*

**KASOWITZ LLP**
Jacob Abrams
201 S. Biscayne Blvd., Suite 2550
Miami, FL 33131
Telephone: (305) 377-1666
Facsimile: (305) 377-1664
jabrams@kasowitz.com

**GRANT & EISENHOFER P.A.**

Abe Alexander (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (610) 722-8501
aalexander@gelaw.com
vpontrello@gelaw.com

**CHRISTIAN ATTAR**

James W. Christian (*pro hac vice*
forthcoming)
1177 W. Loop South, Suite 1700
Houston, Texas 77027
Telephone: (713) 659-7617
Facsimile: (713) 659-4641
jchristian@christianattarlaw.com

*Counsel for Plaintiff Aron Reynolds*

13