**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| ARON REYNOLDS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>   vs.<br><br>CITADEL SECURITIES LLC and VIRTU AMERICAS LLC,<br><br>    Defendants. | Case No. 1:26-CV-24485-RKA |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>MOTION TO TRANSFER</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.........................................................................................................................2

I.      THE "FIRST-TO-FILE" RULE FAVORS TRANSFER ....................................................2

        A.      All Three Factors Under the First-to-File Rule Are Satisfied.................................2

                1.      There Is No Categorical Temporal Overlap Requirement..........................3

                2.      In Any Event, the *Genius* Action Remains Pending...................................6

                3.      The Two Actions Are Almost Identical......................................................7

        B.      No Compelling Circumstances Weigh Against Transfer.......................................7

II.     TRANSFER IS FURTHER APPROPRIATE UNDER 28 U.S.C. § 1404(a) .....................8

        A.      This Action Could Have Been Brought in the Southern District of New
                York ..................................................................................................................8

        B.      Balancing Factors Also Supports Transfer ............................................................8

                1.      Factors 1–4 and 9 Weigh in Favor of Transfer ..........................................9

                2.      Factors 5–8 Do Not Weigh Against Transfer ..........................................10

CONCLUSION.....................................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. Pfizer, Inc.*,
  2022 WL 2355541 (S.D. Fla. June 22, 2022) ...................................................................... 4, 10

*Ambient Healthcare, Inc. v. Columbia Cas. Co.*,
  2012 WL 12864330 (S.D. Fla. Dec. 12, 2012) ......................................................................... 5

*Century Sur. Co. v. Vas & Sons Corp.*,
  2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018) .......................................................................... 6

*Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*,
  713 F.3d 71 (11th Cir. 2013) ..................................................................................................... 3

*Elliott v. Williams*,
  549 F. Supp. 3d 1333 (S.D. Fla. 2021) ...................................................................................... 3

*Gubarev v. Buzzfeed, Inc.*,
  253 F. Supp. 3d 1149 (S.D. Fla. 2017) ...................................................................................... 9

*Halbert v. Credit Suisse AG,*
  358 F. Supp. 3d 1283 (N.D. Ala. 2018) ..................................................................................... 7

*Harvey Aluminum, Inc. v. American Cynamid Co.*,
  203 F.2d 105 (2d Cir. 1953) ....................................................................................................... 6

*IoT Innovations LLC v. Lutron Elecs. Co.*,
  2026 WL 860531 (S.D. Fla. Mar. 30, 2026) ..................................................................... 1, 3, 4

*ISC Holding AG v. Nobel Biocare Fin.*
  *AG*, 688 F.3d 98 (2d Cir. 2012) ................................................................................................ 6

*Johnson Chem. Co. v. Home Care Prods., Inc.*,
  823 F.2d 28 (2d Cir. 1987) ......................................................................................................... 6

*Kelly v. Philip Morris Int'l Inc.*,
  2024 WL 5057622 (S.D. Fla. Apr. 19, 2024) ............................................................................ 5

*Lexington Ins. Co. v. Proformance Plastering of Pensacola, Inc.*,
  2013 WL 12155502 (M.D. Fla. Oct. 9, 2013) ........................................................................... 9

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005) ............................................................................................. 3, 8

ii

*Mason v. Smithkline Beecham Clinical Lab'ys*,
146 F. Supp. 2d 1355 (S.D. Fla. 2001) ................................................................. 10

*Palm v. Taurus Int'l Mfg., Inc.*,
2022 WL 18776091 (S.D. Fla. Apr. 27, 2022) ....................................................... 10

*Poparic v. Jugo Shop*,
2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010) ......................................................... 6

*Rojas v. Am. Honda Motor Co.,*
2019 WL 6324616 (S.D. Fla. Nov. 26, 2019) ...................................................... 4, 5

*SEC v. Walker*,
2021 WL 5088853 (S.D. Fla. Aug. 16, 2021) .......................................................... 9

*Stansell v. Revolutionary Armed Forces of Colombia*,
2025 WL 475972 (S.D. Fla. Jan. 22, 2025) ............................................................. 9

*Swaso v. Noem*,
2026 WL 788146 (C.D. Cal. Mar. 18, 2026) ........................................................... 5

*Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*,
2023 WL 5275187 (S.D. Fla. Aug. 16, 2023) ...................................................... 9, 10

*Wakefield v. N. Telecom, Inc.*,
769 F.2d 109 (2d Cir. 1985) .................................................................................. 6

*Warner v. Tinder, Inc.*,
675 F. App'x 945 (11th Cir. 2017) ......................................................................... 3

*Zampa v. JUUL Labs, Inc.*,
2019 WL 1777730 (S.D. Fla. Apr. 23, 2019) .......................................................... 7

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................ 2, 8

## PRELIMINARY STATEMENT

Defendants' motion asks that this action be transferred to the Southern District of New York, which already ruled that Plaintiff's counsel could not be lead counsel and could not reopen the lead plaintiff process in a nearly identical putative class action.  That court warned against "Plaintiff's counsel picking exactly who gets to sue, via iterative Lead Plaintiff processes" and that it would set a "dangerous precedent" if Plaintiff's counsel could "proceed fresh with its second favorite candidate" after the court rejected its first lead plaintiff applicant.  Defs.' Mot. at Ex. 1 (Order by J. Caproni) (ECF 9-1).  Yet this is precisely what Plaintiff's counsel has done here.  Plaintiff's opposition does not discuss counsel's conduct or acknowledge these aspects of Judge Caproni's Order.  Instead, Plaintiff's principal argument is that this case cannot be transferred because the *Genius* Action was purportedly dismissed hours before Plaintiff commenced this action.  This is wrong as a matter of law and fact.  Indeed, Plaintiff's counsel's conduct is the type of forum shopping the first-to-file rule exists to prevent.  None of Plaintiff's arguments to the contrary have merit.

*First*, the first-to-file rule does not impose rigid requirements—it is a court-made doctrine to guide courts' discretion in adjudicating transfer motions.  Courts have repeatedly held that "the dismissal of the first-filed action does not preclude a court from using its *discretion* to apply the first-filed rule." *IoT Innovations LLC v. Lutron Elecs. Co.*, 2026 WL 860531, at *3 (S.D. Fla. Mar. 30, 2026) (emphasis added) (collecting cases).  Plaintiff's distinction is entirely arbitrary.  It makes no difference whether this case was filed just before or just after the purported dismissal of the first-filed case.  *Second*, the *Genius* Action remains pending in any event.  Plaintiff ignores that Judge Caproni directed the clerk "not to close [the] case until further notice."  Defs.' Mot. at Ex. 22 (ECF 9-22).  Plaintiff cannot unilaterally overrule this order.  *Third*, Plaintiff does not meaningfully attempt to otherwise differentiate this action from *Genius*, nor can he.  All three

1

factors of the first-to-file rule are satisfied here—this action was filed after *Genius*, the putative classes are sufficiently similar, and the nearly identical complaint, filed by the same lawyers, asserts the exact same claims.

To resist transfer, Plaintiff repeatedly casts Judge Caproni's lead plaintiff decision as a "narrow" and "plaintiff-specific" order.  But in denying Genius's lead plaintiff motion, Judge Caproni also ruled that Plaintiff's counsel could not serve as lead counsel—something Plaintiff's opposition brief omits—and warned that permitting counsel to "proceed fresh with its second favorite candidate" would set a "dangerous precedent."  Defs.' Mot. at Ex. 1 (the Court could not "justify needlessly providing Genius's three law firms with multiple bites at th[e] apple").  Moreover, Judge Caproni decided that no other putative class members, *including Plaintiff*, could seek lead plaintiff status because the deadline had expired and all putative class members had been given adequate notice in accordance with the PSLRA.  *Id.*  Judge Caproni's Order also analyzed statute of limitations and reliance defenses that will be central to any motion to dismiss.  *Id.*  Both judicial economy and comity support transfer to the Southern District of New York.

Transfer is further warranted under 28 U.S.C. § 1404(a).  In his opposition brief, Plaintiff incorrectly balances the relevant factors and ignores that a named plaintiff's choice of forum is entitled to considerably less deference in a putative class action.  Meanwhile, Defendants have provided ample support for why the Southern District of New York is a more convenient forum.  Importantly, the interests of justice support transfer to prevent Plaintiff and his counsel from circumventing Judge Caproni's order through forum shopping and gamesmanship.

## ARGUMENT

### I.     THE "FIRST-TO-FILE" RULE FAVORS TRANSFER

#### A.     All Three Factors Under the First-to-File Rule Are Satisfied

All three factors considered under the first-to-file rule support transfer of this action to the

Southern District of New York: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Defs.' Mot. at 9-10. The opposition offers no meaningful response to Defendants' arguments as to factors (2) and (3). Instead, Plaintiff introduces a manufactured temporal overlap requirement for factor (1) to argue that the chronology of the two actions at issue here categorically precludes transfer.  Plaintiff's argument is wrong.

### 1.    There Is No Categorical Temporal Overlap Requirement

Plaintiff's principal argument is that the first-to-file rule applies only when the two actions were, at some point in time, no matter how fleeting, "simultaneously pending in different federal courts."  Plaintiff's Opposition ("Pl.'s Opp.") at 3 (ECF 35).  That is not the law.  As this Court has explained, the first-to-file rule "is grounded in principles of comity and sound judicial administration" and serves "to prevent the needless expenditure of judicial resources and to avoid conflicting rulings." *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021) (Altman, J.) (citation and quotation omitted).  The application of the rule is a "matter [] of discretion for the trial court." *Id.* at 1340 (citation and quotation omitted).  Courts have therefore routinely held that "the dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule." *IoT*, 2026 WL 860531, at *3; *see also* Defs.' Mot. at 11.

To argue the contrary, Plaintiff relies on cases that reference "pending" actions in passing or in dicta.  None held that the two actions must be pending at the same time.  Pl.'s Opp. at 3-4. In *Manuel v. Convergys Corp.*, the court did not address transfer under the first-to-file rule but instead considered whether the district court was required to dismiss a declaratory judgment action due to its anticipatory nature. 430 F.3d 1132, 1135-38 (11th Cir. 2005); *see Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (not involving transfer and deciding whether court could enjoin appellant's intervention in

3

another court). In *Warner v. Tinder, Inc.*, the court, in a footnote, expressed skepticism about whether the district court was right to dismiss (not transfer) the case under the first-to-file rule where the first action was voluntarily dismissed, but explicitly noted that "we do not decide the issue" of the rule's applicability and remanded on other grounds. 675 F. App'x 945, 947 n.2 (11th Cir. 2017). Subsequent courts have rejected Plaintiff's argument because "no binding authority hold[s] that dismissal of the earlier filed action *precludes* a finding that any of the three factors necessary for the application of the first-filed rule exist." *Abreu v. Pfizer, Inc.*, 2022 WL 2355541, at *7 (S.D. Fla. June 22, 2022), *report and rec. adopted*, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022).

Plaintiff attempts to reconcile his categorical rule with precedent transferring cases notwithstanding that the first-filed case was already dismissed by singling out the fact that in the cases Defendants cite, the dismissal of the first action happened after the second action had been filed. Pl.'s Opp. at 5-6. But it makes no difference whether the second action was filed just before or, as here, just a few hours after Plaintiff's counsel sought dismissal of the first-filed case. Defendants' cases did not discuss the timing of dismissal in their reasoning. *Abreu*, 2022 WL 2355541, at *23 ("Despite the fact that both earlier-filed Southern District of New York cases have been dismissed, Defendant has still established the three elements necessary to invoke the first-filed rule's application."); *IoT*, 2026 WL 860531, at *4 (same). Plaintiff's distinction is entirely arbitrary and, if adopted, would amount to the exact kind of "rigid or inflexible application" of the first-to-file rule courts have rejected as not serving the interests of justice. *IoT*, 2026 WL 860531, at *3. Indeed, courts both in and out of this District have transferred cases when the first-filed case was dismissed before the second action was filed. *See, e.g.*, *Rojas v. Am. Honda Motor Co.*, 2019 WL 6324616, at *3 (S.D. Fla. Nov. 26, 2019)

4

(ordering transfer where "Plaintiff and his attorneys [] filed this very similar action in this district *after* [another] district court dismissed a virtually identical [] claim") (emphasis added); *Swaso v. Noem*, 2026 WL 788146, at \*4 (C.D. Cal. Mar. 18, 2026) (applying first-to-file rule because "judicial economy would clearly not be served if this Court duplicated [] efforts" and transfer would "completely eliminate[] the risk of any inconsistent rulings or reasoning between the two courts").

The opposition also cites cases where the court denied transfer to the forum where the first-filed action had been dismissed before the second action was filed.  In those cases, however, the parties never litigated any issues before the first-filed court, nor did the court issue any decisions. *See Ambient Healthcare, Inc. v. Columbia Cas. Co.*, 2012 WL 12864330, at \*4 (S.D. Fla. Dec. 12, 2012) ("the [first-filed] case was [n]ever served [and] was never litigated"); *Kelly v. Philip Morris Int'l Inc.*, 2024 WL 5057622, at \*2 (S.D. Fla. Apr. 19, 2024) (plaintiff dismissed the first action "less than two months after it was filed" and only motion filed was unopposed motion for extension to respond to the complaint).  Here, by contrast, the parties submitted extensive briefing on lead plaintiff appointment and reopening the lead plaintiff process, and Judge Caproni issued a detailed opinion explaining why Genius could not serve as lead plaintiff, why Plaintiff's counsel could not serve as lead counsel, and why other putative class members, including Plaintiff, could not seek lead plaintiff status.  Unlike Plaintiff's cases, the transfer motion here seeks to prevent Plaintiff from circumventing an adverse order in the first-filed forum.

Moreover, unlike in *Kelly*, where the court "lack[ed] sufficient evidence" of "forum shopping," 2024 WL 5057622, at \*2, Plaintiff's counsel's conduct here leaves no doubt of their gamesmanship.  Instead of adhering to Judge Caproni's order that the case proceed as an individual action, Plaintiff's counsel attempted to dismiss the *Genius* Action on June 29, 2026—two days

before its amended complaint was due—only to file this action on the very same day. *See* Defs.'
Mot. at Ex. 15 (ECF 9-15). Not applying the first-to-file rule here would "reward Plaintiff for the
very type of forum shopping" the rule is intended to prevent. *Rojas*, 2019 WL 6324616, at *3.

### 2.     In Any Event, the *Genius* Action Remains Pending

Even if a temporal overlap were required (which it is not), that requirement is satisfied here
because the *Genius* Action remains pending. The day after Plaintiff's counsel sought to dismiss
the *Genius* Action, Judge Caproni issued an order stating that "[t]he Clerk of Court is respectfully
directed not to close this case until further notice." *See* Defs.' Mot. at Ex. 22 (ECF 9-22). In his
opposition, Plaintiff argues the dismissal was "self-executing" under Fed. R. Civ. P.
41(a)(1)(A)(i)—implying that Judge Caproni's order is void—and cites Eleventh Circuit precedent
that disagrees with Second Circuit precedent. Pl.'s Opp. at 4-6. But Second Circuit law controls
the purported dismissal of the *Genius* Action and provides that voluntary dismissal is subject to
judicial discretion. *See Harvey Aluminum, Inc. v. American Cynamid Co.*, 203 F.2d 105 (2d Cir.
1953). Plaintiff notes that *Harvey Aluminum* is old, but does not dispute that modern courts
continue to apply it to deny attempted dismissals under Rule 41(a)(1).[1] Plaintiff quarrels with the
application of that rule here, but this is not the appropriate forum to litigate the validity of Judge
Caproni's Order. None of the authorities Plaintiff cites suggests that he may unilaterally overrule
a federal judge.

---

[1] Plaintiff suggests in a footnote that the Second Circuit overruled *Harvey*. *See* Pl.'s Opp. at 6
n.1. But courts have been clear that "[t]he Second Circuit did not overrule *Harvey*" and continue
to apply it today. *Poparic v. Jugo Shop*, 2010 WL 1260598, at *6 (E.D.N.Y. Mar. 31, 2010); *see
also Century Sur. Co. v. Vas & Sons Corp.*, 2018 WL 4804656, at *3 (E.D.N.Y. Sept. 30, 2018)
("[T]here may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be
better served by abandoning a literal interpretation.") (citation omitted). The cases Plaintiff cites
either did not reach the issue or distinguished *Harvey*. *ISC Holding AG v. Nobel Biocare Fin. AG*,
688 F.3d 98, 101 (2d Cir. 2012) (declining to "reach[] the question whether *Harvey Aluminum*
remains good law"); *Wakefield v. N. Telecom, Inc.*, 769 F.3d 109, 114 n.4 (2d Cir. 1985) (same);

### 3.    The Two Actions Are Almost Identical

The opposition offers no meaningful argument as to the other two factors—similarity of the parties and the issues.  Rather than engage with Defendants' cases, Plaintiff relies on a single district court decision that concerned very different circumstances.  In *Halbert v. Credit Suisse AG*, only two defendants overlapped, as the first-filed class action sued "six other defendants" and the second-filed action was an individual action.  358 F. Supp. 3d 1283, 1285 (N.D. Ala. 2018).  The second-filed action also "assert[ed] seven claims under Alabama law that are distinct from the New York action." *Id.* at 1289.  The court thus held that "the parties and issues do not sufficiently overlap to justify [] application [of the first-to-file rule]." *Id.*

Here, by contrast, both the *Genius* Action and the instant action are litigated by the same three law firms as putative class actions on behalf of substantively similar classes of Genius investors, both of which include Plaintiff Reynolds.  The complaints are nearly identical and assert the exact same claims against the exact same Defendants arising out of the exact same 1,395,712 supposed "spoofing events." *See* Defs.' Mot. at 8.  Plaintiff cites no authority to suggest that this Court should compare the instant action with the *Genius* Action as narrowed by Judge Caproni's order, instead of the action initially filed.  Pl.'s Opp. at 8. The fact that the first action was modified after adverse rulings to Genius and Plaintiff's counsel only further supports transfer. *See Zampa v. JUUL Labs, Inc.*, 2019 WL 1777730, at *4 (S.D. Fla. Apr. 23, 2019) ("[T]he advanced procedural posture of the [first-filed] action as compared to this case" justified transfer).

### B.    No Compelling Circumstances Weigh Against Transfer

Because all three factors of the first-to-file rule are satisfied, Plaintiff must prove

---

*Johnson Chem. Co. v. Home Care Prods., Inc.*, 823 F.2d 28, 31 (2d Cir. 1987) (distinguishing *Harvey*).

7

"compelling circumstances" to warrant an exception. *See* Defs.' Mot. at 14. The opposition conjures nonexistent circumstances by mischaracterizing Judge Caproni's Order and Defendants' motion. Pl.'s Opp. at 8-9. Plaintiff asserts repeatedly that "the SDNY Order concluded only that Genius could not serve as lead plaintiff" and "did not adjudicate the merits of the putative class claims or the rights of absent class members." Pl.'s Opp. at 8. But Judge Caproni squarely adjudicated the "rights of absent class members" when she held that absent class members, including Plaintiff here, could not seek appointment as lead plaintiff after they were given adequate notice under the PSLRA. *See* Defs.' Mot. at Ex. 1. Judge Caproni also denied Plaintiff's counsel's request to reopen the lead plaintiff process because permitting Plaintiff's counsel to "proceed fresh with its second favorite candidate" would set a "dangerous precedent" contravening the purpose of the PSLRA. *Id.* Plaintiff chose to ignore these aspects of Judge Caproni's Order—in fact, the opposition does not quote the Order once. Defendants do not seek a "global injunction." They seek only to transfer this nearly identical case back to the Southern District of New York. If Plaintiff's counsel disagrees with Judge Caproni's Order, the place to challenge that ruling was in that proceeding, not through a new action in another forum.

## II.     TRANSFER IS FURTHER APPROPRIATE UNDER 28 U.S.C. § 1404(a)

### A.     This Action Could Have Been Brought in the Southern District of New York

Plaintiff does not dispute that this action could have been brought in the Southern District of New York. The first step of the Section 1404(a) analysis is satisfied. *See* Defs.' Mot. at 15.

### B.     Balancing Factors Also Supports Transfer

The nine-factor balancing analysis under Section 1404(a) also supports transfer: "**(1)** the convenience of the witnesses; **(2)** the location of relevant documents and the relative ease of access to sources of proof; **(3)** the convenience of the parties; **(4)** the locus of operative facts; **(5)** the availability of process to compel the attendance of unwilling witnesses; **(6)** the relative means of

the parties; **(7)** a forum's familiarity with the governing law; **(8)** the weight accorded a plaintiff's choice of forum; and **(9)** trial efficiency and the interests of justice." *See Manuel*, 430 F.3d at 1135 n.1.  None of Plaintiff's arguments to the contrary have merit.

### 1.      Factors 1–4 and 9 Weigh in Favor of Transfer

Plaintiff does not dispute that both Defendants maintain a significant presence in New York.  Defs.' Mot. at 4.  Moreover, while Citadel Securities is headquartered in this District, Virtu is headquartered in New York, and all relevant parties—Plaintiff, other members of the putative class, and Defendants—transacted in shares traded on the New York Stock Exchange.  Genius itself, likely the most relevant third party, maintains offices in the Southern District of New York. *See* Genius Compl. ¶ 12.  Plaintiff's attempt to forum shop by shifting the locus of operative facts away from New York simply fails.  Plaintiff speculates that the activities relevant to his claims "were not confined to New York" but does not identify any activities that occurred anywhere else, much less here.[2]  And while Plaintiff accuses Defendants of making "conclusory" arguments regarding the convenience of witnesses, Plaintiff identifies no witnesses located in Florida other than Plaintiff himself, who has not been appointed lead plaintiff and is thus no differently situated than any other putative class member spread across the country.[3]

Trial efficiency and the interests of justice similarly favor transfer.  Plaintiff's assertion

---

[2] Plaintiff's reliance on trademark infringement and defamation cases fares no better.  *See Tuuci Worldwide, LLC v. S. Frankford & Sons, Inc.*, 2023 WL 5275187, at *11 (S.D. Fla. Aug. 16, 2023) ("In trademark infringement cases, the locus of operative facts is often the headquarters of the allegedly infringing activity, where design and development took place."); *SEC v. Walker*, 2021 WL 5088853, at *3 (S.D. Fla. Aug. 16, 2021) (same); *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1165-66 (S.D. Fla. 2017) ("no single locus" in defamation case where article was published in New York but accessed in Florida).

[3] Plaintiff points out that all parties are represented by Florida counsel, but "the convenience to counsel is a non-factor." *Lexington Ins. Co. v. Proformance Plastering of Pensacola, Inc.*, 2013 WL 12155502, at *3 (M.D. Fla. Oct. 9, 2013); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 2025 WL 475972, at *4 (S.D. Fla. Jan. 22, 2025) ("[T]he convenience of counsel is not relevant to the issue of transferring venue.").

that "no prior judicial investment in the merits would be lost" if transfer were not granted is false. Pl.'s Opp. at 11.  Judge Caproni's Order delved into the claims and identified weaknesses in the *Genius* plaintiff's allegations that Plaintiff and his counsel reasserted in this cut-and-paste lawsuit. It does not make sense for this Court to retread that ground.  Moreover, Plaintiff argues that transfer would deprive investors of a "meaningful opportunity to seek redress through securities class actions."  Pl.'s Opp. at 12.  But all putative class members in the *Genius* Action, *including Plaintiff*, were afforded that opportunity in accordance with the PSLRA.  Plaintiff's purported justification for maintaining this case in this forum demonstrates exactly how he and his counsel have engaged in forum shopping to obtain "multiple bites at th[e] apple."  *See* Defs.' Mot. at Ex. 1.

### 2.     Factors 5–8 Do Not Weigh Against Transfer

The remaining factors are at most neutral.  Plaintiff does not dispute that there are no unwilling non-party witnesses who could be compelled to testify in Florida but not in New York. *See* Defs.' Mot. at 16-17.  Nor does Plaintiff dispute that the "relative means of the parties" is irrelevant.  *Id.* at 17.  Moreover, while the Court's familiarity with the governing law does not weigh strongly in favor of either forum, Judge Caproni has already addressed key issues that will be relevant at the motion to dismiss stage.  *Id.* at 16.

Finally, while Plaintiff contends that his choice of forum is entitled to "deference," he alleges merely that he is a "Florida resident," Compl. ¶ 8, and omits that he resides in Collier County—outside of this district.  Civil Cover Sheet (ECF 1-3).  "[W]here a plaintiff has chosen a forum that is not its home forum, only minimal deference is required."  *Palm v. Taurus Int'l Mfg., Inc.*,   2022   WL   18776091,   at   *5   (S.D.   Fla.   Apr.   27,   2022) .  Moreover, little deference is afforded plaintiff's choice of forum in a putative class action, and even less where, as here, the forum "is the result of forum shopping."  *Abreu*, 2022 WL 2355541,

at *12 (citation and quotation omitted).[4]

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' motion, the Court should

transfer this action to the Southern District of New York.

---

[4] Tellingly, Plaintiff's cases involved individual actions.  *See* Pl.'s Opp. at 9-10; *Tuuci*, 2023 WL 5275187, at *1; *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1360 (S.D. Fla. 2001).

Dated: August 10, 2026

MARCUS RASHBAUM PINIERO & MEYERS LLP

*/s/ Daniel Rashbaum*
Daniel Rashbaum
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2530
Miami, FL 33131
Tel: (305) 400-4260
drashbaum@mrpfirm.com

*Attorney for Citadel Securities LLC and
Virtu Americas LLC*

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Meredith Karp (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
jyoungwood@stblaw.com
meredith.karp@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Citadel Securities LLC*

PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP

Andrew G. Gordon (*pro hac vice*)
Audra J. Soloway (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
Daniel Negless (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
agordon@paulweiss.com
asoloway@paulweiss.com
abenedon@paulweiss.com
dsinnreich@paulweiss.com
dnegless@paulweiss.com

*Attorneys for Virtu Americas LLC*