**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-CV-24485-ALTMAN/Hernandez**

ARON REYNOLDS, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CITADEL SECURITIES LLC and VIRTU AMERICAS LLC,

Defendants.

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DUC TO TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

MOTION ........ 1

INTRODUCTION AND BACKGROUND ........ 1

ARGUMENT ........ 3

I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........ 3

A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE ........ 4

B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION ........ 4

C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ........ 5

1. Movant’s Claims are Typical ........ 5

2. Movant Is Adequate ........ 6

D. MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF ........ 6

II. MOVANT’S SELECTION OF COUNSEL SHOULD BE APPROVED ........ 7

CONCLUSION ........ 8

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(a)(3) ........ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**


*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ............ 4

*In re Bally Total Fitness, Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ............ 4

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............ 6

*In re Comverse Technology, Inc. Secs. Litig.*,
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............ 4

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ............ 4, 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
210 F.R.D. 512 (S.D.N.Y. 2002) ............ 5

*In re Olsten Corp. Secs. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ............ 4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ............ 5

*Lax v. First Merchants Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............ 4

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*,
No. 608-CV-388-ORL-19DAB, 2008 WL 2608111 (M.D. Fla. July 1, 2008) ............ 7

*Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc.*,
184 F.R.D. 688 (S.D. Fla. 1999) ............ 3


**Statutes**


15 U.S.C. § 78u-4(a)(3)(B) ............ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............ 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............ 7

15 U.S.C. § 78u-4(a)(3)(B)(v) .......... 7

**Rules**

Fed. R. Civ. P. 23 .......... 3, 5, 6

Fed. R. Civ. P. 23(a) .......... 5

## MOTION

Movant Duc To ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law, the Declaration of Laurence M. Rosen (with attachments), and a [Proposed] Order, all dated August 28, 2026.

Movant is aware of the order dated August 4, 2026, staying the case and terminating all pending deadlines unrelated to the motion to transfer. However, out of an abundance of caution owing to the statutory lead plaintiff motion deadline established by the PSLRA, Movant submits this motion for lead plaintiff appointment.

## INTRODUCTION AND BACKGROUND

This action was commenced on June 29, 2026, against Citadel Securities LLC ("Citadel") and Virtu Americas LLC ("Virtu" and, collectively with Citadel, "Defendants") for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Founded in 2002, Genius Group Limited ("Genius") provides AI-powered business education and development tools, and management consultancy services to entrepreneurs and

business owners. In addition to its online education services, Genius also owns and operates resorts, retreats, and co-working cafes that offer resources supporting entrepreneurship and business development. Genius has been publicly traded on the New York Stock Exchange ("NYSE") since April 2022 under the ticker "GNS."

Defendant Citadel is a Delaware limited liability company headquartered in Miami, Florida. Citadel is registered with the SEC as a broker-dealer, and places and executes trades for both its customers and for its own account. According to Citadel, the company engages in market making in U.S. equities and other securities. According to Citadel, the company trades over 20% of U.S. equities volume and executes approximately 35% of all publicly listed retail volume. During the Class Period, Citadel, together with Virtu, was the largest trader of Genius securities, jointly executing 65%-85% of all over-the-counter trading.

Defendant Virtu is a Delaware limited liability with its principal place of business in New York, and conducts substantial business in Florida, including through its office in Palm Beach Gardens, Florida. Virtu is a broker-dealer registered with the SEC, and places and executes trades for both its customers and for its own account. According to Virtu, the company engages in market making in U.S. equities and other securities and is responsible for approximately 25% of retail orders placed in the U.S. During the Class Period, Virtu, together with Citadel, was the largest trader of Genius securities, jointly executing 65%-85% of all over-the-counter trading.

For years, Defendants repeatedly, and on a massive scale, placed and executed manipulative trades that were designed to, and did, artificially deflate the price of Genius stock and expand its bid-ask spread, thereby causing investors to sell their shares at artificially depressed prices while also inflating their transaction costs. This fraudulent scheme, known as "spoofing," enriched Defendants while devastating Movant and other Genius investors.

The complaint alleges that throughout the Class Period, Defendants repeatedly entered thousands of Baiting Orders designed to create the false impression that there was both excess supply and excess volatility in Genius stock. These manipulative orders were calculated to (and successfully did) deceive or induce other investors to sell their holdings at artificially deflated prices.

As a result of Defendants' wrongful acts and omissions, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

## A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person … that … has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997)); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $152,882.23 in connection with his purchases of Genius securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Securities Litigation*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Genius's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

**2. Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Genius securities and is, therefore, extremely motivated to pursue claims in this action.

**D. MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Movant lives in Sweden, where he works as a nurse. Movant has a university degree in nursing and healthcare. Movant has been investing for 4 years. Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, and gathering other information in support of the claims against the Defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions and has successfully prosecuted

securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(a)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: August 28, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen
Laurence M. Rosen