**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ARON REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITADEL SECURITIES LLC and VIRTU AMERICAS LLC,<br><br>Defendants. | Case No. 1:26-cv-24485-RKA<br><br>CLASS ACTION |

**NOTICE OF SUPPLEMENTAL INFORMATION**

Plaintiff Aron Reynolds submits this notice concerning the Motion to Transfer (ECF No. 9) filed by Citadel Securities LLC and Virtu Americas LLC ("Defendants"). Defendants rest their motion largely on Judge Caproni's supposed familiarity with the *Genius* litigation. A single, procedural, non-merits decision, on a lead-plaintiff application brought by a different movant, not Reynolds.

Defendants have since taken the opposite position in *Lovato v. Citadel Securities LLC (In re Meta Materials Inc.)*, Adv. Proc. No. 26-05036-gs (Bankr. D. Nev.). There, represented by the same counsel as here, Citadel and Virtu have moved to withdraw an adversary proceeding from a bankruptcy court far more familiar with the underlying dispute. Since March 2025, the Meta Materials Trustee has pursued Rule 2004 subpoenas against Citadel and Virtu over alleged manipulation of Meta Materials securities. Defendants fought that discovery through several rounds of briefing and two hearings. On February 20, 2026, the bankruptcy court ordered them to produce the materials; it found the Trustee was entitled to investigate potentially viable claims against Defendants. Defs.' Mot. to Withdraw Reference at 5–6, 17, *Lovato*, ECF No. 23 (Ex. A).

Yet Defendants just asked the Nevada district court to take that action away from the bankruptcy court. In their briefing, their motion gives no weight to the bankruptcy court's year of supervising the investigation—the discovery disputes, the hearings, and the substantive Rule 2004 ruling—as a reason to keep the resulting litigation there. Instead, they dismiss forum-shopping concerns on the ground that they moved to withdraw before the substantive ruling against them. *Id.* at 17.

Defendants' double standard demonstrates the only forum shopping here is being done by Defendants, not Plaintiff. Where a court has ruled in their favor, minimal judicial engagement becomes a reason to keep all litigation there. But where a court has ruled against them, the court's year-plus familiarity matters not.

While Defendants claim this action should be transferred to New York to prevent forum shopping – it's apparent that denial of the motion is what's necessary to prevent forum shopping.

DATED: September 15, 2026

Respectfully submitted,

*Devin Velvel Freedman*

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman
1815 Purdy Avenue
Miami, FL 33139
Telephone: (786) 924-2900
vel@fnf.law

**GRANT & EISENHOFER P.A.**
Abe Alexander (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (610) 722-8501
aalexander@gelaw.com
vpontrello@gelaw.com

*Counsel for Plaintiff Aron Reynolds and*
*Proposed Lead Counsel for the Class*